## KRAMER v. RICKE.

1. **Vendor and Vendee:** TAX TITLE: ACTION FOR PURCHASE-MONEY: AGREEMENT TO CLEAR TITLE. Plaintiff sold land to defendant and put him in possession under a warranty deed. Plaintiff had only a tax title, one W. having the patent title. At the time of the delivery of the deed, plaintiff entered into the following written agreement in relation to a balance of $1,000 of the purchase-money: "The said sum of $1,000 to be paid to the said (plaintiff) * * * as soon as he shall clear title to above-described premises, and the said (plaintiff) hereby agrees * * * that he will, at his own cost and expense, release, or cause to be released and paid off, all claims, of whatever nature they may be, against the above-described premises." In an action by plaintiff for the remaining $1,000 of purchase-money, *held* that he could not be defeated by the fact that he had not procured a deed from W., or otherwise quieted the title against him, without a showing on the part of defendant that plaintiff did not have a clear title under his tax deed.

2. **Evidence:** PAROL TO VARY WRITING. Parol testimony is not admissible to add an additional obligation to a written contract.

*Appeal. from Hamilton Circuit Court.*

WEDNESDAY, DECEMBER 22.

ACTION to recover the sum of $1,000, as the balance of the purchase-money of certain land. After the introduction of the evidence, the court took the case from the jury and rendered judgment for the plaintiff. The defendant appeals.

*Chase & Chase*, for appellant.

*Kamrar & Boeye*, for appellee.

ADAMS, J.—It is undisputed that the plaintiff sold to the defendant 240 acres of land; that he executed to him a deed of warranty of the same, and put him in posses-

**1. VENDOR and vendee: tax title: action for purchase-money: agreement to clear title.** sion, and that $1,000 of the purchase-money remains unpaid. The plaintiff averred in his petition the facts necessary to entitle him to recover, and no one of those facts is denied. The defendant, however, by way of avoidance, averred in his answer that at the time of the delivery of the deed it was discovered that to 120 acres of the land the plaintiff had only a tax title; that the patent title was held by one Woodworth; that upon such discovery the parties entered into a written contract, whereby $1,000 of the purchase-money was reserved to be paid only when the plaintiff should clear the title of the deed to Woodworth, and make it perfect of record, free from all clouds; and he averred that the plaintiff had not purchased Woodworth's title, and had not complied with his contract. The defendant attached to his answer a copy of the contract upon which he relied, the essential provision of which, so far as this controversy is concerned, is in these words: "The said sum of $1,000 to be paid to the said John Kramer, his heirs or assigns, as soon as he shall clear title to the above-described premises, and the said John Kramer hereby agrees, and binds himself, and his heirs and executors, that he will, at his own cost and expense, release, or cause to be released and paid off, all claims, of whatever nature they may be, against the above-described premises."

The defendant does not in his answer set up any fact

which he claims shows any defect in the plaintiff's title, except the fact the plaintiff's title was a tax title, and the patent title has not by any conveyance been united with it. But such fact does not show a defense. A tax title is a perfect title, and extinguishes the patent title. A tax deed, to be sure, does not necessarily make a tax title. It is allowable to go behind the deed, and show facts in avoidance of it. But no issue is raised in the defendant's answer as to the validity of the tax deed in this case. On the other hand, the answer seems to concede that the plaintiff has a title, and makes the ground of the defendant's complaint that it is only a tax title, as if such title had necessarily some inherent infirmity, or at least was not a marketable title. But it is not for the courts to make a ruling derogatory to a tax title in general. It is such title as the state gives in its proceedings to collect the revenue, and it must be sustained as against every insinuation, where the validity of the deed upon which it rests is not drawn in question.

The difficulty between these parties seems to have arisen from the fact that the defendant, at the time he took his deed, set up a false claim in regard to the character of a tax title, and the necessity of uniting with it the patent title in order to make a perfect title, and that the plaintiff yielded to such claim, supposing, probably, there was some foundation for it. But, fortunately for him, he did not agree to procure a deed from Woodworth as a condition precedent to his right to the balance of the purchase-money. The condition was that he "should clear the title to the above-described premises," and this condition has no significance, unless the tax title can be successfully assailed by reason of the invalidity of the deed upon which it rests; and there is no averment in the answer that it can be. The plaintiff cannot clear the title if it is already clear, and we must assume that it is clear, under the virtual concession of the answer that the plaintiff at the time of his conveyance to the defendant had a tax title.

Several questions are presented on the admission of evi-

dence and the exclusion of evidence. We have not deemed it necessary to consider them. We think that the pleadings presented no issue which the court was called upon to try, and that the court did not err in taking the case from the jury and rendering judgment for the plaintiff.

AFFIRMED.